IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**GARRIN DAVID SMITH, #11304-171** **PETITIONER**

**VS.** **CIVIL ACTION NO. 3:13-cv-851-DCB-MTP**

**BONITA MOSLEY, Warden** **RESPONDENT**

MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Smith, an inmate at the Federal Correctional Complex -Yazoo City, Mississippi, filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, on November 7, 2013. After review of the Petition [1] and Amended Petition [6], along with the entire Court record, the Court has reached the following conclusions.

**I. Background**

On March 30, 2005, Petitioner pled guilty to and was convicted of possession with intent to distribute methamphetamine and conspiracy in the United States District Court for the District of South Carolina. Petitioner was sentenced to serve 135 months in the custody of the Bureau of Prisons (BOP), followed by 5 years of supervised release. On October 31, 2006, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's sentence. *U.S. v. Smith*, No. 06-4103 (4th Cir. Oct. 31, 2006).

**II. Claims**

Petitioner claims he is entitled to habeas relief based on (1) errors in his sentence computation by the BOP and (2) based on errors during the indictment and conviction process that render his sentence invalid. As relief, he seeks his immediate release from incarceration.

    A.  Sentence Computation Claims

Petitioner complains that the BOP has erroneously calculated his term of imprisonment because he has not received sentence credit for the time period of October 18, 2003, to May 20, 2004.  Pet. [1] at 6;  Resp. [3] at 1.  Initially, the Court notes that a federal inmate's sentence computation claim is properly pursued in a § 2241 habeas petition.  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)(finding prisoner's attack to the manner in which his sentence is carried out or the prison authorities' determination of its duration is properly pursued under § 2241).  Before Petitioner can pursue a sentence computation claim under § 2241, he is required to exhaust his administrative remedies with the BOP.  *U.S. v. Setser,* 607 F.3d 128, 133 (5th Cir.2010); *Rourke v. R.G. Thompson*, 11 F.3d 47, 49  (5th Cir.1993).  The BOP should have an opportunity to consider Petitioner's claims, and possibly grant relief, prior to Petitioner's pursuit of a habeas petition.  *See e.g., Miller v. Burt*, No. 3:06-cv-2755, 2007 WL 2428542, *4 (D.S.C. Aug. 21, 2007)("BOP needs to develop a factual record and apply its expertise to the situation").

When Petitioner failed to submit any documentation from the BOP regarding the exhaustion of his sentence computation claims, an Order [2] was entered directing Petitioner to specifically state if he has exhausted his administrative remedies as set forth in 28 C.F.R. § 542 .[1] Petitioner was also directed to provide copies of all responses received from prison officials.  Petitioner filed a Response [3], wherein he confirms that he has not exhausted his administrative remedies with the BOP and he states that a "futility exception" exist.  Resp. [3] at 1.

The Court recognizes that there are exceptions to the exhaustion requirement but these exceptions only apply in "extraordinary circumstances."  *Broderick v. Chapman*, 364 F. App'x

---

[1]The Administrative Remedy Program within the BOP  is a three-tiered process provided to inmates for complaints related to their confinement.  28 C.F.R. §§ 542.10-524.19.

111, 112 (5th Cir. 2010)(citing *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)).  An inmate seeking waiver of the exhaustion requirement bears the burden of showing administrative review would be futile.  *Fuller,* 11 F.3d at 62.  Petitioner's conclusory statement that a futility exception exists with nothing more alleged, fails to meet this burden.  The Court finds that waiver of the exhaustion requirement prior to the BOP considering Petitioner's sentence computation claims, and possibly granting relief, would be premature.  Therefore, Petitioner's sentence computation claims will be dismissed for Petitioner's failure to exhaust his administrative remedies.

### B. Sentence Validity Claims

The remainder of Petitioner's claims challenge the validity of his conviction or sentence and therefore are not properly pursued in a § 2241 petition.  *Pack*, 218 F.3d at 452 ("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion.").  However, pursuant to a limited exception, referred to as the "savings clause," a federal court may consider a § 2241 petition that challenges a federally imposed sentence when the petitioner establishes that the remedy under § 2255 is inadequate or ineffective.  *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).  The Fifth Circuit, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim "that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."  *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner is familiar with this process because he previously presented similar sentence

validity claims in a § 2241 habeas petition in this Court.  *See Smith v. Pearson*, No. 5:09-cv-24-DCB-MTP (S.D. Miss. Aug. 7, 2009)(finding Smith could not pursue his illegal imprisonment claim based on being indicted under his alias in a § 2241 petition).  This Court determined in 2009, as it does now, that Petitioner does not satisfy the test for pursuing his sentence validity claims in a § 2241 petition via the savings clause of § 2255.

**III. Conclusion**

The Court concludes that Petitioner's claim for habeas relief based on sentence computation errors is unexhausted and waiver of the exhaustion requirement is not warranted. The Court further finds that Petitioner's sentence validity claims do not satisfy the savings clause, thus the Court is without jurisdiction to consider the claims in a § 2241 case.  Petitioner's sentence computation claims will be dismissed without prejudice and Petitioner's sentence validity claims will be dismissed with prejudice as to the jurisdictional issue, and without prejudice in all other regards.  *See Pack*, 218 F.3d at 454-55.

A Final Judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the ___18th___ day of March, 2014.


                                                                                           s/David Bramlette
                                                                    UNITED STATES DISTRICT JUDGE